UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE WHITFIELD,  Plaintiff,  v.  WEXFORD OF INDIANA, LLC, et al.,  Defendants. | CAUSE NO. 3:19CV668-PPS/MGG |

OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, filed a complaint because he experienced pain in his mouth but did not receive dental care for many months. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his complaint, Whitfield alleges that, in September of 2018, he developed pain in his mouth and submitted a health care request form requesting dental care. Whitfield was notified that he was scheduled to see a dentist, Dr. Pearcy. Weeks passed without

treatment, and his condition worsened. His mouth was bleeding, and his pain increased. He filled out additional requests for dental care. (EC 1-1 at 27-31.) He filed grievances, both formal and informal. He was repeatedly told that he was on the list to be seen. In response to one of his health care requests, he was instructed to improve his oral hygiene by brushing his teeth three times a day for two minutes, but he was not issued any pain medication.

Finally, five months later, on February 19, 2019, he was seen by Dr. Pearcy. Dr. Pearcy told him that there was a crack in his filling and placed a filling on top of the old one. (ECF 101 at 32.) It fell out the same day. (*Id.*) He filed a health-care request on March 8, 2019, because he was still in pain. (*Id.*) The response, a health care staff member wrote, "[w]e just saw you on 2-19-19 but, I have added your name to the WCU list again[.]" (*Id.*) Whitfield has sued Dr. Pearcy and Wexford of Indiana, LLC.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of

2

being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, Whitfield alleges that he submitted health care requests seeking dental care and that he was told that he had been scheduled to see Dr. Pearcy, but that months passed before he received treatment. When he was finally treated, the treatment was ineffective, and yet he was merely placed back in the queue. In light of the multiple health care requests, it is reasonable to infer that Dr. Pearcy was aware of the nature of Whitfield's complaints, and he yet did not examine or treat Whitfield for months. This is enough to allege deliberate indifference, and I will permit Whitfield to proceed against Dr. Pearcy on this claim.

Furthermore, it is unclear whether Whitfield has now received adequate treatment for his condition. The Warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that Whitfield receives the treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, I will instruct the clerk to add the Warden as a defendant, and I will permit Whitfield to proceed against the Warden in his official capacity for injunctive relief.

Whitfield has also sued Wexford of Indiana, LLC, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Thus, to the extent that Whitfield's allegations against Wexford are based only on the poor decisions that its staff made in connection with his care, I cannot permit him to proceed against Wexford. To the extent that he is alleging that Wexford is liable because he has an unconstitutional policy that caused him to suffer, I cannot permit him to proceed because he has not identified any particular unconstitutional policy or custom.

Whitfield indicates that there was a policy that provided that routine dental evaluations should be performed within six weeks, and that dental needs submitted by health care referral form should be addressed within fourteen days. (ECF 1 at 3.) Whitfield does not allege that this policy is unconstitutional. In fact, he alleges that this policy should have been followed, as it would have resulted in reasonably prompt

dental care. But, the defendants' failure to follow their own policy does not state a claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

ACCORDINGLY, the court:

(1) DIRECTS the Clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(2) GRANTS Lawrence Whitfield leave to proceed against Dr. Pearcy in his individual capacity for compensatory and punitive damages for failing to provide Whitfield with adequate dental care while housed at the Westville Correctional Facility, in violation of the Eighth Amendment;

(3) GRANTS Lawrence Whitfield leave to proceed against the Warden of the Westville Correctional Center in his official capacity for injunctive relief to provide Whitfield with adequate dental care, as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Wexford of Indiana, LLC;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Pearcy and the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Pearcy and the Warden of the Westville Correctional Facility respond, as provided for in the Federal Rules of

Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(8) ORDERS the Warden of the Westville Correctional Facility to file a declaration indicating how Lawrence Whitfield's dental care needs are being met in a manner that comports with the Eighth Amendment, along with his answer.

SO ORDERED on November 8, 2019.

                                            /s/ Philip P. Simon
                                            JUDGE
                                            UNITED STATES DISTRICT COURT