UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE WHITFIELD,

    Plaintiff,

    v.

DR. PEARCY, et al.,

    Defendants.

CAUSE NO. 3:19CV668-PPS/MGG

OPINION AND ORDER

Lawrence Whitfield filed a complaint alleging that he was not receiving constitutionally adequate dental care. I granted him leave to proceed against Dr. Pearcy for compensatory and punitive damages for failing to provide Whitfield with adequate dental care and against the Warden of the Westville Correctional Center for injunctive relief to provide Whitfield with adequate dental care, as required by the Eighth Amendment. ECF 1; ECF 18. I also ordered the Warden to file a declaration indicating how Lawrence Whitfield's dental care needs are being met in a manner that comports with the Eighth Amendment. ECF 18. Thereafter, Whitfield filed a letter and two motions seeking a preliminary injunction. ECF 24; ECF 32; ECF 39. The Warden has responded to each of these requests. ECF 40.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer

irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). It is true that every inmate is entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Whitfield alleges that he has been denied adequate dental treatment since September of 2018, when he developed pain in his mouth and requested dental care. Although he was notified that he was scheduled to see a dentist, Dr. Pearcy, weeks passed without treatment and his condition worsened. He filled out additional requests for dental care and filed grievances. He was told repeatedly that he was on the list to be seen. Dr. Pearcy finally saw Whitfield on February 19, 2019. Whitfield's medical records show that Dr. Pearcy repaired tooth number three with resin at this visit. ECF 40-2 at 2. According to Whitfield, Dr. Pearcy told him that there was a crack in his filling, and he placed a filling on top of the old one. ECF 1-1 at 32. It fell out the same day. *Id.* He filed

2

a health-care request on March 8, 2019, because he was still in pain. *Id.* In response, a health care staff member wrote, "[w]e just saw you on 2-19-19 but, I have added your name to the WCU list again[.]" *Id.*

According to Whitfield's dental records, Dr. Pearcy saw Whitfield again on May 21, 2019. ECF 40-2 at 2. However, in May, Dr. Pearcy did not address tooth number three (the tooth that was restored in February). Rather, Dr. Pearcy performed an amalgam restoration of tooth number thirteen. And, on September 24, 2019, Dr. Pearcy saw Whitfield again, this time to repair tooth number nineteen with resin. *Id.* Two months later, Whitfield was seen by a nurse for tooth pain. ECF 40-3. At that visit, Whitfield indicated that his "tooth was hurting and had a bump" and when he pushed on it, "pus and blood came out." *Id.* He was provided with both Tylenol and amoxicillin. *Id.* When he complained about a broken tooth or filling, Dr. Percy saw Whitfield again on December 3, 2019. ECF 40-2 at 2. At this visit, Dr. Pearcy repaired tooth number nineteen with an amalgam filling. *Id.* Whitfield believes that a tooth should have been pulled or, alternatively, a root canal should have been performed at this visit. However, it is unclear if Whitfield believes that tooth number three needed additional attention or if it is tooth number nineteen (the tooth that was filled on December 3, 2019) that he believes should have been addressed differently. There is no indication in the record that Whitfield has had ongoing problem with tooth number nineteen after the December 3, 2019, filling. But it is unclear whether the problem with tooth number three dating back to February of 2019 was ever addressed, and if it was not addressed, why it was not addressed.

3

Here, Whitfield is seeking an appointment with an outside dentist and an order directing that Dr. Pearcy be provided with the equipment necessary to perform his duties adequately, including an x-ray machine. "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

While Whitfield insists that Dr. Pearcy provided him with inadequate dental care and ignored his needs, the medical records described above show that Whitfield was seen and treated by Dr. Pearcy multiple times during the period in question. He filled cavities in several different teeth. When the filling in tooth number nineteen required an additional repair – Dr. Pearcy made that repair.[1] While Whitfield may have preferred that the tooth be pulled or that a root canal be performed, the Constitution does not require that Whitfield receive the treatment of his choice or even proper treatment – only treatment that reflects professional judgment. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("[M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards.") (internal quotation marks and citation

---

[1] Dr. Percy placed a filling in tooth number 4 in January of 2018, and restored tooth number 4 with amalgam in June of 2018. ECF 40-2 at 1. Each of those procedures, however, occurred before the time-frame at issue here.

4

omitted). The record suggests that he received treatment for tooth number nineteen reflecting professional judgment, even if medical professionals could disagree about the best treatment option. There is, however, one matter that is concerning. When tooth number three was filled, Whitfield indicated that the filling fell out the same day, and the medical records do not establish that tooth number three was ever addressed by Dr. Pearcy again.

In an abundance of caution, the court will take Whitfield's motions for preliminary injunctive relief under advisement and provide the Warden with an opportunity to supplement his response by explaining whether tooth number three has been examined since it was filled in February, what the findings were, and what additional treatment, if any, was performed. He should provide a sworn statement from Dr. Pearcy or another examining dentist with his supplemental response.

ACCORDINGLY:

Plaintiff Lawrence E. Whitfield's requests for preliminary injunctive relief (ECF 24; ECF 32; ECF 39) are TAKEN UNDER ADVISEMENT, and Warden Galipeau is ORDERED to supplement his response by **December 27, 2019**.

SO ORDERED on December 17, 2019.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT