UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE WHITFIELD,

    Plaintiff,

    v.                                       CAUSE NO. 3:19CV668-PPS/MGG

DR. PEARCY, et al.,

    Defendants.

## OPINION AND ORDER

Lawrence Whitfield alleges that he is not receiving constitutionally adequate dental care, and he seeks a preliminary injunction directing that he be seen by an outside dentist and that the dentists on staff at the prison be provided with the equipment they need to perform their work adequately. ECF 24; ECF 32; ECF 39. The Warden filed a response to Whitfield's requests for injunctive relief. ECF 40. After reviewing Whitfield's complaint, his various motions seeking injunctive relief, and the Warden's response, I took Whitfield's requests for injunctive relief under advisement and directed the Warden to supplement his response. ECF 44.

As explained in my order, the Warden's initial response did not adequately address whether tooth number three has been examined since it was filled in February, what the findings were, and what additional treatment, if any, was performed. I directed the Warden to provide a sworn statement from Dr. Pearcy or another examining dentist with his supplemental response. The Warden has now filed his supplement, including an affidavit from Dr. Pearcy. ECF 55. In addition, Whitfield has

filed a supplemental declaration. ECF 53. Accordingly, Whitfield's requests for a preliminary injunction are now ripe for decision.

As noted in my earlier opinion, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted).

It is true that every inmate is entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Whitfield asserts that he developed pain and requested dental care in September of 2018. Despite multiple requests, he did not see a dentist until February 19, 2019.

Whitfield's medical records show that, on February 19, 2019, Dr. Pearcy repaired tooth number three with resin. ECF 40-2 at 2. According to Whitfield, Dr. Pearcy told him that there was a crack in his filling, and he placed a filling on top of the old one. ECF 1-1 at 32. It fell out the same day. *Id.* He filed a health-care request on March 8, 2019, because he was still in pain. *Id.* Dr. Pearcy saw Whitfield again on May 21, 2019. ECF 40-2 at 2. However, in May, Dr. Pearcy did not address tooth number three (the tooth that was restored in February). Rather, Dr. Pearcy performed an amalgam restoration of tooth number thirteen. Dr. Pearcy contends that Mr. Whitfield did not complain about tooth number three on May 21, 2019. ECF 55-1. Whitfield, on the other hand, asserts that he did complain about tooth number three, but Dr. Pearcy indicated that tooth number thirteen was more important. ECF 53 at 1.

Whitfield continued to complain of dental problems, and Dr. Pearcy saw Whitfield again on September 24, 2019. At this visit, Dr. Pearcy repaired tooth number nineteen with resin. *Id*. Whitfield did not complain about tooth number three. ECF 55-1. Two months later, Whitfield was seen by a nurse for tooth pain. ECF 40-3. At that visit, Whitfield indicated that his "tooth was hurting and had a bump" and when he pushed on it, "pus and blood came out." *Id.* He was provided with both Tylenol and amoxicillin. *Id.* Dr. Percy saw Whitfield again on December 3, 2019. ECF 40-2 at 2. At this visit, Dr. Pearcy repaired tooth number nineteen with an amalgam filling. *Id.* Whitfield believes that the tooth should have been pulled or, alternatively, a root canal should have been performed at this visit. Whitfield did not complain about tooth number three at this visit.

3

On December 20, 2019, Whitfield was seen by Dr. Jeffrey Wilkinson due to ongoing complaints regarding tooth number nineteen. ECF 55-1 at 2. At this visit, tooth number 19 was extracted. Although Dr. Wilkinson did not provide the court with a sworn statement, Dr. Pearcy reports that Dr. Wilkinson confirmed that Whitfield did not complain about tooth number three at this visit.

In his requests for injunctive relief, Whitfield seeks an appointment with an outside dentist and an order directing that Dr. Pearcy be provided with the equipment necessary to perform his duties adequately, including an x-ray machine. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). I've already explained to Mr. Whitfield that "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Thus, even if injunctive relief were warranted here, it would not take the form of a mandate that an outside dentist examine Whitfield or an order that the dentists at the prison be provided with additional equipment.

4

While Whitfield insists that Dr. Pearcy provided him with inadequate dental care and ignored his needs, the medical records described above show that Whitfield was seen and treated by Dr. Pearcy multiple times during the period in question and, more recently, that Whitfield was treated by Dr. Wilkinson. He has received extensive dental treatment for a variety of dental problems. Without the necessity of a court order, Whitfield even received the benefit of a second opinion on how tooth number nineteen should be treated, which resulted in an extraction – one of the methods of managing this problem that Whitfield indicated he found acceptable.

Whitfield's dental problems have not always been remedied with the initial treatment. For example, tooth number nineteen was repaired twice before it was ultimately removed.[1] Nor has Whitfield always received the treatment modality that he preferred – for example, a filling was utilized when he would have preferred that a tooth be pulled or that a root canal be performed. But Whitfield is not entitled to decide what treatment he receives. He is not even entitled to proper treatment. He is only entitled to treatment that reflects professional judgment. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("[M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards.") (internal quotation marks and citation omitted).

---

[1] Similarly, tooth number four was treated in both January and June of 2018, although these procedures fell outside of the time-frame at issue in Whitfield's complaint, ECF 40-2 at 1.

I've already ruled that Whitfield received treatment for tooth number nineteen that reflected professional judgment. ECF 44 at 5. Even when taken in the light most favorable to Whitfield, the record before me shows that Whitfield has not complained about tooth number three since at least May of 2019. At this juncture, the court is not deciding whether, at some point in the past, Dr. Pearcy's care violated the Eighth Amendment. At this early stage, I am only deciding whether the extraordinary remedy of a preliminary injunction is warranted. After considering the record before me, I cannot find that Whitfield's care for tooth number three did not reflect professional judgment when he received dental care on three occasions between September and December without sharing that he was having ongoing problems with that tooth. Indeed, it is not clear from Whitfield's recent filings that he is still having problems with this tooth. Nonetheless, if he is still having dental problems, given the extensive dental care that has been provided in the past, there is no reason to believe an injunction is necessary for Whitfield to receive treatment that is consistent with what the Eighth Amendment mandates.

ACCORDINGLY:

Plaintiff Lawrence E. Whitfield's requests for preliminary injunctive relief (ECF 24; ECF 32; ECF 39) are DENIED.

SO ORDERED on January 9, 2020.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT